*GERMAN AMERICAN SAVINGS BANK CO. v. LOUIS J. GROSSMAN.

BANK MAY OFFSET DEPOSIT BY INDEBTEDNESS OF AN INSOLVENT DEBTOR.
Insolvency of a debtor affords sufficient grounds for the application of the doctrine of equitable setoff. Therefore, a bank having a deposit subject to check may apply and set off that deposit against the indebtedness, though not yet due, of an insolvent debtor of the bank.

HALE, J.

S. Isaac & Son being insolvent on February 8, 1896, made an assignment to Louis J. Grossman, defendant in error, by deed filed in the probate court of Cuyahoga county, Ohio.

Prior to said February 8, 1896, S. Isaac & Son were customers of and depositors in The German American Savings Bank of Cleveland, Ohio, plaintiff in error, and as such depositors had on deposit as a general deposit with said bank on said February 8, 1896, and at the time of their assignment the sum of $148.54.

At the time of said assignment S. Isaac & Son were insolvent and indebted to said bank in the sum of $1,500.00, evidenced by two unmatured promissory notes of $500.00 and $1,000.00 respectively, given by said S. Isaac & Son to said bank.

That said deposit of $148.54 was a balance of said S. Isaac & Son's deposit and account with said bank and that said deposit account included not only the general money deposits of said firm, but also included the loans to said firm by said bank evidenced by said promissory notes not due by their terms at the time of said assignment, and that said loans were made because and for the reason that said S. Isaac & Son were cus-

tomers of and depositors in said bank, and had a general deposit account with said bank.

Said bank retained and applied said balance of deposit toward the payment of said notes, and refused to pay over said deposit to the assignee upon his demand for the same.

W. H. Beavis, attorney for and on behalf of the bank, cited the following cases:

Schunk, Assignee, v. Bank, Cin. Sup. Ct., 16 Bull., 363; Wagner v. Stieglitz, 22 O. S., 297, 302; Armstrong v. Warner, 49 O. S., 376; Bank v. Hemingray, 34 O. S., 381; Thomas v. Bank, 35 (Iowa) L. A. R., 379; Railway v. Bank, 24 Bull., 198, 207.

L. J. Grossman, in his own behalf, offered the following authorities:

Treasurer v. Bank, 47 O. S., 503, 522; Covert v. Rhodes, 48 O. S., 66, 71; Bank v. Brewing Co., 50 O. S., 151; Ross v. Johnson, 1 Handy, 388; sec. 5077, Rev. Stat.; Fuller v. Steiglitz, 27 O. S., 355.

The case of the German American Savings Bank Company v. Louis J. Goodman comes here on error to the court of common pleas.

Grossman is the assignee of Isaac & Son, a firm that were prior to February 8, 1896, doing business in this city; they were doing at least a portion of their banking business with the plaintiff in error, The German American Savings Bank Company.

On February 8, 1896, that firm made an assignment for the benefit of their creditors, at which time they had on deposit with The German American Savings Bank Company, subject to check, $148.54. The firm was indebted to the bank in the sum of $1,500 on two promissory notes, one for $500 and the other for $1,000, not due at the time of the assignment. The assignee made demand upon the bank for the deposit which the firm had at the time. The bank refused to pay, claiming the right in equity to set off and apply the deposit to the indebtedness which Isaac & Son owed the bank.

The case was tried in the court of common pleas without the intervention of a jury, substantially upon an agreed statement of facts, resulting in a judgment for the defendant in error, and the question is whether a bank having a deposit subject to check may apply and set off that deposit against the indebtedness of an insolvent debtor of the bank.

We think the case of Armstrong v. Warner, 49 O. S., 376, has a very decided bearing upon that question. In that case, Armstrong was re-receiver of the Fidelity National Bank. At the time that bank went into his hands, as receiver, Warner was indebted to the bank upon a claim not then due. Warner brought an action against the receiver to compel the application of his indebtedness to the bank, upon the indebtedness which he owed the bank; he undertook to make a set-off. The lower court sustained Warner in his contention,—sustained the right of set-off under the circumstances named. The Supreme Court affirmed that holding, and Judge Williams, speaking for the court upon that subject, says:

"The remedy of set-off has been much enlarged in equity and is there administered in cases where, under the strict rules of law, it would not be available. Thus, at law a joint demand cannot be set-off against a several one, nor a several demand against a joint one, but equity adopts a different rule where, on account of the insolvency of one of the parties, the other is in danger of losing his claim; and generally equity will enforce the right of set-off by decreasing the compensation of mutual demands so far as they equal each other, where they have grown out of the same or connected transactions, or the one has formed in whole or in part

the consideration of the other and the party against whom the set-off is asserted is insolvent."

The case of Nashville Trust Co. v. Bank, 91 Tenn., 336, is directly in point, sustaining the contention of the bank. Thomas v. Bank, L. R. A., 397, is also directly in point, sustaining the contention of the bank. It is from the Iowa Supreme Court.

There are many other cases giving support also to this contention, which I will not stop to cite.

It is very generally held, however, that the insolvency of a debtor affords sufficient grounds for the application of the doctrine of equitable set-off. And we hold, under all the facts of this case, the agreed statement of facts, upon which the case was determined, that the equitable grounds for the allowance of the set-off claimed by defendant below are present in the case under consideration and that the set-off should have been allowed under the proof produced.

It follows, then, that the judgment of the court of common pleas should be reversed and the case remanded for a new trial.

W. H. Beavis, for plaintiff in error.

L. J. Grossman, for defendant in error.